UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT GALLOWAY,<br><br>     Plaintiff,<br><br> v.<br><br>GEORGE ARTHUR NICOLA, Doctor<br>contracted by CMS,<br><br>     Defendant. | Case No. 1:11-cv-00269-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

   Defendant moves to dismiss Plaintiff's Complaint on the grounds that Plaintiff

failed to properly serve Defendant with the Complaint and a summons, and that the

statute of limitations bars Plaintiff's § 1983 claim. (Dkt. 10.) All parties have consented

to proceed before a United States Magistrate Judge. (Dkt. 14.) The Court finds that the

decisional process would not be significantly aided by oral argument, and, thus, the Court

will decide this matter on the written motions, briefs, and record without oral argument.

D. Idaho L. Civ. R. 7.1(d). Having reviewed the record, and for the reasons discussed

herein, the Court denies the Motion to Dismiss and enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

During the time period at issue, Plaintiff was an inmate who was held in the custody of the Idaho Department of Correction (IDOC). He has since been released from prison and is proceeding in this action pro se. Defendant Dr. George Nicola, was employed by the Correctional Medical Services, the contracted medical provider for IDOC during the relevant time period.

Before Plaintiff was incarcerated with the IDOC, he had his left leg amputated just below the knee. During incarceration, on May 28, 2009, Defendant performed revision surgery on the remaining portion of Plaintiff's left leg. (Dkt. 1, p. 3.) In June of 2009, Plaintiff had a follow-up appointment with Defendant to assess the condition of his leg and monitor the healing process. (Dkt. 1-1, p. 1.) At the follow-up appointment, Defendant did not see Plaintiff but instead had a physician's assistant handle the entirety of the appointment. (Dkt. 1-1, pp. 1-2.) Plaintiff alleges that his leg was left in an inadequate cast, that Defendant did not insert a tube to collect excess blood, that muscle tissue remained unattached to the tibia and fibula, and that Defendant failed to provide follow-up care. (Dkt. 6-1.)

On June 9, 2011, after exhausting his administrative remedies through the Idaho State Board of Medicine and the Pre-Litigation Screening Panel, Plaintiff filed his initial Complaint alleging that Defendant was deliberately indifferent to the serious medical needs of Plaintiff at the time of the surgery and in follow-up care, violating 42 U.S.C. § 1983 and state medical malpractice laws. (Dkt. 1.) The Court then sent Plaintiff an Order

**MEMORANDUM DECISION AND ORDER - 2**

of Conditional Filing, advising him that he could not proceed with his case until the Court issued an initial review order. (Dkt. 2.)

The Initial Review Order was issued on July 25, 2011. (Dkt. 5.) The Court ordered Plaintiff to file an amended complaint within 30 days. (Dkt. 5, p. 6.) Plaintiff alleges that, for reasons beyond his control, he was unable to see the Notary at the prison before August 25, 2011, one day past the 30-day deadline. On that day, Plaintiff signed and notarized his Motion to Amend Complaint and an Affidavit. The documents were then filed with the Court on August 29, 2011. (Dkt. 6.) The Court decided that the Complaint, together with the Affidavit, contained sufficient allegations to proceed. Plaintiff was ordered to serve the Complaint, Affidavit, and Order on Defendant within 120 days. (Dkt. 8, p. 2.)

As ordered by the Court, Plaintiff served Defendant with the Complaint, Affidavit, and Order on April 13, 2012. (Dkt. 9.) Defendant now moves to dismiss the Complaint on the following alternative bases: (1) Plaintiff failed to effectively serve Defendant within 120 days of filing the original Complaint; (2) Plaintiff did not serve Defendant with a summons; (3) Plaintiff's claims are barred by the statute of limitations; and (4) if Plaintiff has no viable § 1983 action, the Court does not have jurisdiction over Plaintiff's state law tort claims. (Dkt. 10.)

**MEMORANDUM DECISION AND ORDER - 3**

## DISCUSSION

In federal court, pro se litigants are afforded liberal treatment in asserting their claims, especially with regard to formal requirements. *See Lim v. INS*, 224 F.3d 929, 934 (9th Cir. 2000) (recognizing that courts frequently refuse to dismiss pro se appeals for formal defects where the opposing party suffers no prejudice); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 698-99 (9th Cir. 1988). The Ninth Circuit has recognized that "it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Id.* at 699. Considering this liberal standard, and the lack of prejudice to Defendant, the Court denies Defendant's Motion to Dismiss and will allow Plaintiff to proceed on the merits of his claim, for the following reasons.

### 1.    Failure to Serve Complaint Within 120 Days of Filing

Defendant argues that, because Plaintiff failed to effectively serve his Complaint within 120 days of filing, it should be dismissed. (Dkt. 10-1, p. 3.) Federal Rule of Civil Procedure 4(m) provides:

> If service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to the defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The Federal Rules allow a defendant to move for dismissal if a plaintiff has insufficiently served process. Fed.R.Civ.P. 12(b)(5). Defendant here contends that, if

MEMORANDUM DECISION AND ORDER - 4

Plaintiff cannot show that he accomplished effective service, it is within the court's discretion to either dismiss or retain the action. (Dkt. 10-1, p. 4) (citing *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)). Because Defendant did not receive service of the June 9, 2011 Complaint until April 13, 2012, he argues that Plaintiff did not comply with the 120-day time limit. This argument fails to consider the application of 28 U.S.C. § 1915, which prevents an inmate from proceeding to service without the Court's authorization to do so. (See Order of Conditional Filing, Dkt. 2.) Because the Court did not review the Complaint until July 25, 2011, and did not review the Amended Complaint until December 16, 2011, the 120-day time period set by Rule 4(m) is inapplicable.

## 2.      Failure to Serve a Summons with the Complaint

Defendant next argues that, if the Court considers the December 16, 2011 Order to be the start of the 120-day time limit, the service, though timely, is still deficient because Defendant was not served with a summons, which Rule 4(m) requires for sufficient service.

In *Borzeka v. Heckler*, 739 F.2d 444 (9th Cir. 1984), a defendant brought a motion to dismiss when a pro se litigant failed to personally serve opposing counsel with the summons and complaint, a requirement of effective service to the United States government. The pro se litigant was informed by the lower court that he could not deliver the documents himself, so the litigant sent them by certified mail instead. *Id.* at 446. The defendant argued that, if the requirement of personal service to governmental officials is

**MEMORANDUM DECISION AND ORDER - 5**

not met, a dismissal is always required. *Id*. However, the United States Court of Appeals for the Ninth Circuit rejected the argument and stated that the requirements of Rule 4 "should be given a liberal and flexible construction." *Id*. The Court of Appeals held that because the defendant had notice and would suffer no prejudice from the defective service, and because the plaintiff had a justifiable excuse for the failure to properly serve and would be severely prejudiced if his complaint were dismissed, the defendant's motion could not be granted. *Id.* at 447. The Court emphasized that "this is especially true when dismissal signals the demise of all or some of the plaintiff's claims." *Id.* (citing *Jordan v. United States,* 694 F.2d 833, 836 (D.C. Cir.1982)).

Here, Defendant contends that even if the service was timely, it was deficient because Plaintiff failed to serve Defendant with a summons, which is required by Rule 4(m). Given the liberal standard to which pro se litigants are held, failure to serve a summons does not necessarily lead to the conclusion that the Complaint must be dismissed. As the Ninth Circuit stated in *Borzeka*, the requirements of Rule 4 must be given liberal and flexible construction, and, if there is a justifiable excuse for the failure, a pro se plaintiff should be allowed to proceed on the merits of his case.

Here, Plaintiff followed the instructions of the Court and failed to serve a summons; the Order authorizing service listed only the Complaint, Affidavit, and Order to be served. A practicing attorney would surely serve a summons; however, a pro se plaintiff with no legal experience does not know that a summons is required. Because Plaintiff followed the instructions of the Court in good faith, the failure to include a

**MEMORANDUM DECISION AND ORDER - 6**

summons should not extinguish Plaintiff's claims.

Further, granting the dismissal would not only extinguish *some* of Plaintiff's claims, but would be the demise of *all* Plaintiff's claims. Courts have a duty to see that pro se litigants do not lose their right to a hearing on the merits of their claim merely because they failed to comply with some technical procedural requirements. This dismissal would severely prejudice Plaintiff by taking away his right to have his case heard simply because he failed to serve Defendant with a summons. In contrast, Defendant has suffered and will suffer no prejudice from allowing Plaintiff to move forward with his case on the merits. Defendant suffered no disadvantage when he did not receive service of the summons. He received the necessary documents to be put on notice of Plaintiff's claims and was able to proceed with this motion.

This is a situation similar to that in *Borzeka*, where the Ninth Circuit found that the defendant suffered no prejudice when the plaintiff failed to personally serve the summons and complaint in compliance with the Federal Rules, but that the plaintiff would suffer severe prejudice if the Court granted dismissal. Here, Plaintiff did not comply with the Federal Rules by failing to serve a summons, but Defendant suffered no prejudice from the deficient service, and Plaintiff would suffer severe prejudice from dismissal. Given these considerations, the Court will permit Plaintiff to move forward.

**3.     Statute of Limitations**

Defendant next argues that if the Complaint is not dismissed for insufficient service of process, it must be dismissed because it is barred by the statute of limitations.

**MEMORANDUM DECISION AND ORDER - 7**

(Dkt. 10-1, p. 4.) The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations. The statute of limitations is tolled while an inmate exhausts administrative grievance procedures pursuant to the Prison Litigation Reform Act ("PLRA"). *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

Although the Court relies upon the state statute of limitations to determine the time for filing a claim, the Court uses federal law to determine when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986).

Here, Plaintiff's federal claim of deliberate indifference accrued at the time he knew of the injury that is the basis of the cause of action. The injury that Plaintiff suffered accrued at the time Defendant refused to see the Plaintiff post-surgery, in mid-June 2009. At that time, Plaintiff knew of Defendant's acts that form the basis of Plaintiff's claim. Therefore, the statute of limitations began to run at the mid-June follow-up appointment

**MEMORANDUM DECISION AND ORDER - 8**

in 2009.[1] However, the statute of limitations was then tolled during the time period when Plaintiff was exhausting his administrative remedies. Plaintiff did so, and then filed his Complaint on June 9, 2011, just short of two years after the incident occurred. Thus, the Plaintiff's federal claim is not barred by the statute of limitations.

**4.    Jurisdiction Over Plaintiff's State Law Tort Claim**

Because it has been determined that Plaintiff's federal claim was timely filed, and therefore he has a valid § 1983 claim on which to proceed, Defendant's argument that this Court cannot exercise jurisdiction over the Plaintiff's state law claim without a viable federal claim is moot. If Defendant wishes to assert that the state medical malpractice claim is barred by the state law statute of limitations, a separate motion must be filed.

## CONCLUSION

Plaintiff has filed a timely Complaint and attempted to effect service in a timely manner. While service was deficient, it is not cause for dismissal of Plaintiff's entire case. Rather, the Court will provide an additional time period for Defendant to receive a summons, as set forth below. Therefore, Defendant's Motion to Dismiss will be denied.

## ORDER

**IT IS ORDERED:**

1.    Defendant's Motion to Dismiss (Dkt. 10) is **DENIED**.

2.    The Clerk of the Court shall provide Plaintiff with three blank Waiver of

---

[1] On the current record, some of the historical incidents in the Complaint and Amended Complaint are beyond the Statute of Limitations, therefore, Plaintiff will be able to proceed on only the follow-up visit in mid-June and any incidents thereafter.

**MEMORANDUM DECISION AND ORDER - 9**

Service of Summons forms and a Federal Rule of Civil Procedure Form 5 notice. Plaintiff shall complete and mail one form to Attorney Kevin J. Scanlan with a copy of the complaint and amended complaint (Dkt. 1, 6). If Mr. Scanlan signs and returns the Waiver form, then service is deemed complete.

3.     If Mr. Scanlon declines to sign and return the Waiver form, then Plaintiff shall proceed to the next step, which is that Plaintiff shall complete and send the second and third Waiver forms to Defendant, together with the complaint, amended complaint, a prepaid return envelope, and a Federal Rules of Civil Procedure Form 5 notice notifying Defendant personally by mail (not through Defendant's attorney) that Defendant has the obligation to reduce service of process fees in federal court, and, if he does not waive service, he may be charged personally for the service of process fees required to accomplish formal personal service if he cannot show good cause for failure to use the waiver process, pursuant to Federal Rule of Civil Procedure 4(d)(1) and (2). If Defendant (or Mr. Scanlan on behalf of Defendant) signs and returns the waiver of service form, then service is deemed complete.

4.     If Defendant declines to sign and return the waiver of service of summons form, then Plaintiff shall request issuance of a summons from the Clerk of the Court, and arrange for personal service upon Defendant of a copy of the

**MEMORANDUM DECISION AND ORDER - 10**

summons, complaint, and amended complaint (Dkt. 1, 6) no later than **November 9, 2012**. Thereafter, Plaintiff may file a motion to recover the service of process fees for the second act of service of process.

5.    Failure to follow this Court Order will result in dismissal of Plaintiff's claims without prejudice.

DATED:  **July 13, 2012**

Honorable Ronald E. Bush
U. S. Magistrate Judge

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

_____,

Plaintiff(s),

v.

_____,

Defendant(s)

v.

_____,

Third-Party
Defendant(s)

*(Use if needed.)*

Civil Action No.

_____

**NOTICE OF A LAWSUIT AND
REQUEST TO WAIVE
SERVICE OF SUMMONS**

To _____:
*(Name the defendant–or if the defendant is a corporation, partnership, or association, name an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days or at least 60 days if the defendant is outside any judicial district of the U. S.)*

**NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS**

from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date _____

_____
(Signature of the attorney or of the pro se party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

**NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS**